IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| APOLLO J. SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>SOCIAL SECURITY ADMINISTRATION COMMISSIONER,<br><br>    Defendant. | CIVIL ACTION NO.  6:22-CV-00153-JDK |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On April 20, 2022, Plaintiff Apollo Smith initiated this civil action pursuant to the Social Security Act, 42 U.S.C. § 1383(c)(3), Section 205(g) for judicial review of the Commissioner's denial of Plaintiff's application for Social Security benefits. (Doc. No. 1.) Pursuant to 28 U.S.C. § 636(b), the case was referred to the undersigned for findings of fact, conclusions of law, and a recommendation for the disposition of the instant action. For the reasons stated below, the court **RECOMMENDS** that the ALJ's decision be **AFFIRMED**.

**BACKGROUND**

On March 11, 2020, Plaintiff filed an application for supplemental security income, alleging a disability beginning November 10, 2019. Transcript "Tr." at 75. On July 29, 2020, the claim was initially denied (*id.*), and his request for reconsideration was denied on September 29, 2020. *Id.* at 91. A hearing was held before ALJ David Wurm on June 29, 2021. *Id.* at 27–61. The ALJ issued a decision finding that Plaintiff is not disabled under the Social Security Act on August 5, 2021. *Id.* at 12–21. Plaintiff appealed, and the Appeals Council denied Plaintiff's Request for

Review on February 25, 2022. *Id*. 1–3. Therefore, the ALJ's decision became the Commissioner's final decision. *See Sims v. Apfel,* 530 U.S. 103, 106–107 (2000). Plaintiff has filed this civil action for judicial review.

## LEGAL STANDARD

Title II of the Act provides for federal disability insurance benefits while Title XVI provides for supplemental security income for the disabled. Judicial review of the denial of disability benefits under section 205(g) of the Act, 42 U.S.C. § 405(g), is limited to "determining whether the decision is supported by substantial evidence in the record and whether the proper legal standards were used in evaluating the evidence." *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)); *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (per curiam). A finding of no substantial evidence is appropriate only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Accordingly, the Court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner]'s, even if the evidence preponderates against the [Commissioner]'s decision." *Bowling*, 36 F.3d at 435 (quoting *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988)); *see Spellman v. Shalala,* 1 F.3d 357, 360 (5th Cir. 1993); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992); *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). Rather, conflicts in the evidence are for the Commissioner to decide. *Spellman*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)); *Anthony*, 954 F.2d 289, 295 (5th Cir. 1992) (citing *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983)). A decision on the ultimate issue of whether a claimant is disabled, as defined in

the Act, rests with the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 455–56 (5th Cir. 2000); SSR 96-5p, 61 Fed. Reg. 34471 (July 2, 1996).

"Substantial evidence is more than a scintilla but less than a preponderance—that is, enough that a reasonable mind would judge it sufficient to support the decision." *Pena v. Astrue*, 271 F. App'x 382, 383 (5th Cir. 2003) (citing *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994)). Substantial evidence includes four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability; and (4) the plaintiff's age, education, and work history. *Fraga v. Bowen*, 810 F.2d 1296, 1302 n.4 (5th Cir. 1987). If supported by substantial evidence, the decision of the Commissioner is conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). However, the court must do more than "rubber stamp" the ALJ's decision; the court must "scrutinize the record and take into account whatever fairly detracts from the substantiality of evidence supporting the [Commissioner]'s findings." *Cook*, 750 F.2d 391, 393 (5th Cir. 1985). The court may remand for additional evidence if substantial evidence is lacking or "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994).

A claimant for disability has the burden of proving a disability. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A); 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an anatomical, physiological, or psychological abnormality which is demonstrable

by acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).

In order to determine whether a claimant is disabled, the Commissioner must utilize a five–step, sequential process. *Villa*, 895 F.2d at 1022. A finding of "disabled" or "not disabled" at any step of the sequential process ends the inquiry. *Id.*; *see Bowling*, 36 F.3d at 435 (citing *Harrel*, 862 F.2d at 475). Under the five–step sequential analysis, the Commissioner must determine at Step One whether the claimant is currently engaged in substantial gainful activity. At Step Two, the Commissioner must determine whether one or more of the claimant's impairments are severe. At Step Three, the Commissioner must determine whether the claimant has an impairment or combination of impairments that meet or equal one of the listings in Appendix I. Prior to moving to Step Four, the Commissioner must determine the claimant's Residual Functional Capacity ("RFC"), or the most that the claimant can do given his impairments, both severe and non–severe. Then, at Step Four, the Commissioner must determine whether the claimant is capable of performing his past relevant work. Finally, at Step Five, the Commissioner must determine whether the claimant can perform other work available in the local or national economy. 20 C.F.R. §§ 416.920(b)–(f) and 404.1520(b)(1)(f).

An affirmative answer at Step One or a negative answer at Steps Two, Four, or Five results in a finding of "not disabled." *See Villa*, 895 F.2d at 1022. An affirmative answer at Step Three, or an affirmative answer at Steps Four and Five, creates a presumption of disability. *Id*. The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at Step Five if the claimant shows that he cannot perform his past relevant work. *Anderson v. Sullivan*, 887 F.2d 630, 632–33 (5th Cir. 1989) (per curiam).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ made the following findings in his August 5, 2021 decision:

1. The claimant has not engaged in substantial gainful activity since March 11, 2020, the application date (20 CFR 416.971 et seq.).

2. The claimant has the following severe impairments: residuals of gunshot wound to the abdomen and post-traumatic stress disorder (PTSD) (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally and ten pounds frequently. He can stand and walk up to six hours in an 8-hour workday and can sit up to six hours in an 8-hour workday. He can occasionally climb stairs. He can never climb ladders or scaffolds. He can occasionally kneel, crouch, and crawl. He can have no exposure to unprotected heights or hazards like moving machinery. He can understand, remember, and carry out detailed, but not complex instructions. He can have occasional interaction with coworkers and occasional contact with the public. He can adapt to occasional changes in the workplace.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on October 6, 1979 and was 40 years old on the date the application was filed, which is defined as a younger individual age 18-49 (20 CFR 416.963).

7. The claimant has a marginal education (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since March 11, 2020, the date the application was filed (20 CFR 416.920(g)).

(Tr. at 14–20.)

Based on the application filed for supplemental security income, the ALJ determined that Plaintiff is not disabled under section 1614(a)(3)(A) of the Social Security Act. *Id*. at 21. The Appeals Council did not grant review of the ALJ's decision so this became the final decision of the Commissioner. *Id*. at 1–3.

## ANALYSIS

Plaintiff argues that the ALJ's disability determination is not supported by substantial evidence because the hypothetical question presented to the vocational expert ("VE") failed to include all functional limitations supported by evidence. (Doc. No. 14.) The Commissioner argues that the VE's responses to the ALJ's hypothetical questions support his decisions and that the ALJ properly weighed the evidence in assessing Plaintiff's claim. (Doc. No. 15.)

**1. The ALJ's Hypothetical Question to the VE**

Plaintiff specifically argues that the ALJ's hypothetical question to the VE failed to include all of his limitations regarding his inability to reach, sit, stand, or walk more than occasionally, and failed to include any off-task behavior resulting from his PTSD and management of his ileostomy. (Doc. No. 14, at 6–8.) The Commissioner argues that the ALJ's hypothetical question included Plaintiff's ability to stand/walk consistent with the definition of "light work" and that Plaintiff has not pointed to any evidence suggesting that further physical limitations were warranted. (Doc. No. 15, at 6–7.) The Commissioner argues that VE's testimony fully supports the ALJ's finding that a person with Plaintiff's RFC could perform some work activity. *Id.*

As an initial matter, Plaintiff does not directly challenge the ALJ's RFC determination in his briefing. Rather, Plaintiff's argument is focused on the limitations presented, by way of the RFC, to the VE during the hypothetical examination. As such, any direct challenge to the ALJ's RFC is considered waived and the court will not assess any such argument herein. *See, e.g.,*

*Escalante v. Astrue*, 286 F. App'x 179, 180 (5th Cir. 2008) (arguments or challenges not raised before the district court are waived); *Sanchez v. Comm'r of Soc. Sec.*, No. 8:19-cv-1347-T-JSS, 2020 WL 13444237, at *4 (M.D. Fla. Aug. 7, 2020) (finding plaintiff waived any argument related to the sufficiency of the RFC where plaintiff only challenged the ALJ's hypothetical to the VE and did not articulate any reason that the RFC was not supported by substantial evidence).

As to the hypothetical question posed to the VE, Plaintiff's argument that the VE failed to incorporate functional limitations is without merit. The ALJ was only obligated to reasonably incorporate in his hypothetical all of Plaintiff's disabilities that the ALJ recognized. *See Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001). Here, the ALJ incorporated the limitations recognized in his RFC as an individual limited to "light exertion" as defined by the regulations. Tr. at 55. Specifically, the hypothetical included limitations with respect to climbing, kneeling, crawling, crouching, ability to carry out instructions, and public exposure. *Id.* As discussed above, Plaintiff does not challenge the sufficiency of the RFC. Because the limitations incorporated in the RFC were the basis of the hypothetical question presented to the VE, it was not necessary for the ALJ to directly include any additional functional limitations in his hypothetical question to the VE. *See Bordelon v. Astrue*, 281 F. App'x 418, 423 (5th Cir. 2008) (per curiam) (holding that the ALJ's hypothetical question to the VE adequately reflected the limitations of the RFC for "light work"); *Fitzpatrick v. Colvin*, 2016 WL 1258477, at *10 (N.D. Tex. Mar. 31, 2016) (holding that where the record reflects ALJ considered limitations in concentration, persistence, or pace when determining Plaintiff's RFC and that the RFC finding is supported by substantial evidence, ALJ was not required to expressly include a limitation for concentration, persistence, or pace in her hypothetical to the VE).

Even assuming the ALJ erred in failing to include one or more limitations in the hypothetical he posed to the VE, this error would be harmless. An ALJ's failure to incorporate all of a claimant's recognized disabilities into a hypothetical question is not reversible error where the claimant's representative is afforded the opportunity to correct deficiencies in the question by mentioning or suggesting to the VE any purported defects in the hypothetical question, "including additional disabilities not recognized by the [ALJ]'s findings and disabilities recognized but omitted from the question." *Wise v. Barnhart*, 101 Fed. App'x. 950, 951 (5th Cir. 2004) (per curiam) (quoting *Bowling v. Shalal*, 36 F.3d 431, 436 (5th Cir. 1994) (per curiam); *Urrutia v. Colvin*, 2016 WL 1161794, at *11 (N.D. Tex. Mar. 24, 2016). In this case, the ALJ afforded Plaintiff's attorney an opportunity at the hearing to cross-examine the VE and to correct deficiencies in the ALJ's hypothetical question by mentioning or suggesting to the expert any purported defects in the question. Tr. at 56–60. Accordingly, any deficiency in the ALJ's hypothetical to the VE was not reversible error. *See Urrutia*, 2016 WL 1161794, at *11 (holding that any error in failing to include a recognized limitation in ALJ's hypothetical question to VE was not reversible error where plaintiff's attorney was afforded opportunity to correct deficiencies in hypothetical by mentioning or suggesting purported defects in the question).

## CONCLUSION

For all the foregoing reasons, the court **RECOMMENDS** that the ALJ's decision be **AFFIRMED** and that this action be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed

factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 6th day of February, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE